■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SALVATORE GALLELLA and ANGEL PADILLA, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County, dated October 18, 1977, which after a hearing, granted the motion of defendants to suppress evidence seized pursuant to search warrants No. H-3. Order reversed, on the law and the facts, and motion to suppress denied. On January 11, 1977 Police Officer Paulson, a qualified expert on gambling operations, applied for a search warrant covering the ground level of a variety store at 860 Nostrand Avenue and a 1975 Oldsmobile, license plate 991 CTD, used by defendant Gallella. In support of his application Officer Paulson noted that based on an official complaint concerning illegal policy operations, he began an investigation into the matter. On December 24, 1976 he observed Gallella, who had previously been arrested for gambling law violations, make two brief stops between 6:10 A.M. and 6:35 A.M. at different locations and then proceed to 860 Nostrand Avenue. Gallella exited his car, put his hand behind a metal gate in front of the premises, which appeared to be a variety store, and immediately returned to his car. Gallella then made four more brief stops and also met and had a brief conversation with a Black male, who was counting money. Gallella was again observed on December 31, 1976. He made two brief stops between 6:27 A.M. and 6:45 A.M. and, once again, proceeded to 860 Nostrand Avenue. He followed the same routine of placing his hand behind the gate and returning to his car, after which he made several more brief stops. Two police officers looked behind the gate after Gallella left and observed "white slips of paper[s] tightly bound by a rubber band, with writing thereon, baring the name NORMAN or MORMAN". On January 5, 1977, at 6:05 A.M., the area behind the gate was observed by the police and was found to be clear of paper. At 6:47 A.M. Gallella appeared and once again placed a packet of papers behind the gate. After Gallella left the scene the officers retrieved the papers by the use of a stick with gum on the end and confirmed that the papers were being used as part of an illegal policy operation. Copies of the incriminating slips of paper were made and they were again placed behind the gate. At 8:27 A.M. the police saw "Vincent Montanaro, known under B #592262", exit his car, put his hand

behind the metal gate and immediately leave the scene. At 9:30 A.M. "John Doe" appeared, unlocked the gate and, after he entered the store, the police observed that there were no longer any papers on the ground outside the entrance to the store. Based upon the foregoing, search warrants were issued for Gallella's automobile and the premises at 860 Nostrand Avenue. The execution of the warrants led to the seizure of incriminating evidence. Criminal Term granted defendants' suppression motion, however, on the ground that the officers had conducted an illegal search and seizure when they used a stick to obtain the slips of paper from behind the gate on January 5, 1977. We reverse. Even absent the copies of the policy slips contained in the warrant application, there was a sufficient basis for the issuance of the warrants because there was probable cause to believe the automobile and store in question were being used for the purpose of conducting an illegal policy operation. Officer Paulson's observations alone fully warranted the issuance of the search warrants. Mollen, P. J., Hopkins, Suozzi, Shapiro and O'Connor, JJ., concur.